UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

RUDY LOZANO, )
Plaintiff )
)
)
)
v. )
) Civil No.
)
SUPERIOR COURT OF MAINE )
YORK COUTY REGISTRY OF DEEDS )
YORK COUNTY SHERIFFS DEPARTMENT )
Defendant )

## VERIFIED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS SEEKING INJUNCTIVE AND DECLARATORY RELIEF

### PARTIES

1. Plaintiff Rudy Lozano is a natural person and citizen of the United States and of the State of Maine, residing in Saco, Maine.

2. Defendant SUPERIOR COURT OF MAINE is handling the case in which a Motion for Attachment originated.

3. Defendant YORK COUNTY MAINE REGISTERY OF DEEDS is responsible for administering laws, customs, practices, and policies at issue in this lawsuit.

4. Defendant YORK COUNTY MAINE SHERIFFS DEPARTMENT ("The Sheriff"), is responsible for, executing and administering with the State the laws, customs, practices, and policies at issue in this lawsuit. Through the Sheriff's Department, the

YORK COUNTY MAINE SUPERIOR COURT has enforced the challenged laws, customs, and practices against Plaintiff.

## JURJSDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case involves a federal question pertaining to the United States Constitution. In a case of actual controversy within its jurisdiction, . . . any court of the United Sates, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgement or decree and shall be reviewable as such. 28 U.S.C. § 2201(a)

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391 as this is the judicial district where defendants reside, and this is the judicial district where the cause of action arose.

## STATEMENT OF FACTS

*Background*

7. The Fifth Amendment to the United States Constitution provides that a person shall not be: "deprived of life, liberty or property without due process of law." The Fifth Amendment is incorporated as against the states through the Fourteenth Amendment, such that Defendants cannot, under color of law, deprive Plaintiff of his property.

8. Plaintiff resides at 7 Turnberry Lane Saco Maine, 04072.

9. Plaintiff is a *pro se* litigant in the Superior Court action.

10. COVID 19 Has had a financial impact on the Plaintiff.

11. On or about October 25, 2019 Maine Superior Court granted an *ex parte* order of attachment on the property located at 7 Turnberry Lane.

12. It is the understanding and belief the sheriff received the Order of Attachment from the Superior Court.

13. It is the understanding and belief that the Sheriff delivered the Motion of Attachment to the York County Registry of Deeds.

14. On or about January 13th Lozano Filed a Order to Dismiss pursuant to Rule 12 as the Superior court did not have subject matter jurisdiction.

15. On February 3, 2020 Superior Court opted to Stay the case, the order of attachment remained intact.

16. A hearing for the Order of Attachment was not scheduled.

17. On 3 occasions (March, April, and July) Plaintiff has sought consideration of his motion to Dissolve the Attachment that was issued at the onset in October 2019.

18. All requests have been denied.

19. On or about July 17, 2020 Plaintiff filed a Motion for Reconsideration of Denial of Motion to Dissolve Order of Attachment Pursuant to Rule 4a.

20. Plaintiff drew the courts attention to Maine's Rules of Civil Procedure require that "On 2 days' notice to the plaintiff or on such shorter notice as the court may prescribe, any person having an interest in property that has been attached pursuant to an *ex parte* order entered under subdivision (g) of this rule may appear, without thereby submitting to the personal jurisdiction of the court, and move the dissolution or modification of the attachment, and in **that event the court shall proceed to hear and determine such**

**motion as expeditiously as the ends of justice require**." M.R.Civ.P. 4A(h)

21. On July 27, 2020 Plaintiff filed a follow up letter with the court's clarifying the urgency of scheduling the hearing. denial would be a deprivation of a constitutional due process.

22. The Motion for Reconsideration was denied.

23. Plaintiff has attempted on multiple occasions to bring the injustice of denying a hearing to be heard on an *ex parte* order of attachment with no relief.

24. When the Defendants seized Plaintiff's property, Defendants set in motion a series of events that they knew or should have known would result in Plaintiff's inability to recover, or extreme difficulty in recovering, his property.

25. By Seizing Plaintiff's property without notice, refusing to return it to him and refusing to allow him a meaningful opportunity to be heard on the matter, Defendants have deprived Plaintiff of his property without due process of law.

26. By setting in motion a series of events that Defendants knew or should have known would result in inability or extreme difficulty in recovering Plaintiff's property, Defendants deprived Plaintiff of his property without due process of law.

### Count I- Violation of Plaintiff's Right to Equal Protection

26. Paragraphs 1 through 23 are incorporated as though fully stated herein.

27. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiff of his lawfully obtained property, Defendants are propagating customs, policies and practices that violate Plaintiff's rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## Count II – Violation of Plaintiff's Due Process

28. Paragraphs 1 through 23 are incorporated as though fully stated herein.

29. Plaintiff has a cognizable property interest in his land and home, the seizure and retention of which was caused by Defendants without sufficient due process. Defendants are propagating customs, policies, and practices that violate Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the practice of seizing and retaining property without providing due process

2. Declaratory relief that the practice of seizing and retaining property of individuals who are deemed to be of no threat to themselves or others, and who have not been charged with a crime is unconstitutional on its face.

3. The immediate dissolution of the Order of Attachment.

5. Punitive damages in a sufficient amount to deter Defendants from further violating the rights of Plaintiff and other property owners.

6. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

7. Any other relief as the Court deems just and appropriate.

Respectfully submitted,

Rudy Lozano
Pro se Plaintiff
7 Turnberry Lane
Saco, Maine 04072
207-579-1870

Aug 8, 2020

**VERIFICATION**

I have read the allegation of this Complaint and state that they are true and accurate to the best of my knowledge and belief.

Rudy Lozano