UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RUDY LOZANO, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
|   v. | )   2:20-cv-00281-LEW |
| | ) |
| SUPERIOR COURT OF MAINE, | ) |
| et al., | ) |
| | ) |
|       Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff asserts equal protection and due process claims in his effort to prevent the defendants, which Plaintiff has identified as one of Maine's state trial courts and two York County offices, from enforcing an ex parte prejudgment attachment authorized by the state trial court in litigation to which Plaintiff is a party. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013)

(quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

While "state procedures for creating and enforcing attachments, as with liens, are subject to the strictures of due process," which generally calls for pre-enforcement notice and the opportunity for a hearing, *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991) (internal quotation marks omitted); *Reardon v. United States*, 947 F.2d 1509, 1519 (1st Cir. 1991), Plaintiff seeks to enjoin the enforcement of the state court attachment and otherwise invalidate the state court's order. Only the Supreme Court has jurisdiction to directly review the final decisions of state courts on questions of federal law. *See* 28 U.S.C. § 1257. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). That is, "[l]ower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions." *Wang v. New Hampshire Bd. of Registration of Medicine*, 55 F.3d 698, 703 (1st Cir. 1995).

The *Rooker-Feldman* doctrine, however, only applies "after the state proceedings ended," which occurs: (1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved," (2) "if the state action has reached a point where neither party seeks further action," or (3) "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated . . . ." *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 25 (1st Cir. 2005). Plaintiff's due process claim involves a state court ex parte prejudgment attachment order in a pending, but stayed, state court proceeding. The stay was ordered in February 2020. The *Rooker-Feldman* doctrine does not yet apply to Plaintiff's claim because the state court proceedings have not yet ended. The Court is thus confronted with the prospect of concurrent state and federal litigation, raising abstention concerns.

Plaintiff's complaint arguably implicates the doctrine of abstention described in *Younger v. Harris*, 401 U.S. 37 (1971), which calls for federal courts to decline the exercise of jurisdiction when the party seeks relief from ongoing criminal or certain civil proceedings in state court. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). *Younger* abstention applies in three circumstances: (1) state criminal matters, (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 78 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)) (internal quotation marks omitted). In any of the three situations, a federal

Court must abstain from exercising jurisdiction if: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges," *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990), unless the party seeking relief can show that the state court proceedings involve bad faith, harassment, or some other extraordinary circumstance, such as a flagrantly unconstitutional statute or an "irreparable injury" differing from those incidental burdens of ordinary proceedings. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 200 (1st Cir. 2015); *Younger*, 401 U.S. at 46, 49, 53.

Here, the pending state proceeding is not a criminal matter. The complaint does not specify whether the prejudgment attachment originated in a civil enforcement proceeding with the state acting in a sovereign capacity or whether it originated in a civil matter between private parties. Even assuming the suit involves private parties, the third category of *Younger* abstention arguably applies because the prejudgment attachment order resembles other state court actions the Supreme Court has identified as "uniquely in furtherance of the state courts' ability to perform their judicial functions." *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 4–5, 10–14 (1987) (abstention warranted when judgment debtor challenged state postjudgment lien and bond provisions pending appeal); *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (state's interest in the regular operation of its judicial system warranted abstention from hearing a challenge in federal court to a state court civil contempt order). The First Circuit has also interpreted the third *Younger* abstention category to cover prejudgment lien issues pending in state court. *See Rossi v. Gemma*, 489

5

F.3d 26, 28–31, 36 (1st Cir. 2007). *Younger*, therefore, arguably supports abstention in this case.

To the extent that *Younger* and its progeny can be distinguished,[1] abstention is still warranted under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, but they are permitted to abstain under *Colorado River* in limited exceptional circumstances for reasons of "wise judicial administration that counsel against duplicative lawsuits." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st Cir. 2010) (internal quotations omitted). Courts examine the following non-exhaustive factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 71–72 (1st Cir. 2005).

---

[1] For example, in *Rossi*, the First Circuit acknowledged a possible distinction for challenges to prejudgment process, but in concluding that *Younger* abstention applied, the First Circuit relied on the fact that the state court proceeding was an in rem proceeding, which may not be the case here. *Id.* The Supreme Court addressed very similar facts to those here in *Carey v. Sugar*, 425 U.S. 73, 75 (1976), where the plaintiff in federal court challenged state court procedures providing for ex parte prejudgment attachment. The *Carey* Court determined that abstention was warranted, but it did not cite or discuss *Younger* and instead relied on *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 499 (1941), which instructs federal courts to abstain when state law is uncertain and the state courts may soon avoid the potential conflict with federal law. It is arguably "significant that *Younger* and *Huffman* were not cited in *Carey*" and "the absence of discussion of these cases in *Carey*" could be construed "as implying the general lack of application of their dogma to cases such as this." *Briere v. Agway, Inc.*, 425 F. Supp. 654, 658 (D. Vt. 1977); *see also*, *Traughber v. Beauchane*, 760 F.2d 673, 681 (6th Cir. 1985) (*Younger* doctrine does not bar federal challenge to state court prejudgment attachment process); *Shaumyan v. O'Neill*, 716 F. Supp. 65, 68 (D. Conn. 1989) (*Younger* abstention does not bar federal challenge to state court prejudgment ex parte attachment); *Parikh v. Frosh*, No. GJH-17-0332, 2017 WL 4124238, at *6 (D. Md. Sept. 15, 2017) (*Younger* abstention does not apply because "[u]nlike *Pennzoil*, prejudgment attachment does not function to enforce a judgment or a verdict").

The cases that call for abstention under *Colorado River* "are few and far between" but the balance of all the factors here suggests "this is such a case." *Jimenez*, 597 F. 3d at 28.  Several of the non-exhaustive factors have little relevance, but the third, fourth, fifth, and sixth factors weigh against exercising jurisdiction in this case.[2]  Furthermore, Maine courts evidently provide constitutionally adequate procedural protections for prejudgment attachments generally, and the only notable issue is how Plaintiff's procedural rights are impacted by a temporary stay of the state court proceedings.  Given that the matter is not permanently stayed and that Plaintiff has not alleged facts that would suggest the stay has been excessive, the state court will likely resolve any due process issues that might be generated by the stay before the federal court would have the opportunity to litigate the claim.[3]  Abstention to permit the state court to address Plaintiff's challenges to the attachment and the stay order is appropriate.

---

[2] The complaint does not specify whether the state proceeding involves a res.  However, the First Circuit has "likened the res factor to a 'prudential' lens that may focus more on avoiding the inconsistent disposition of property, and less on in rem jurisdiction." *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 118 (1st Cir. 2012).  Because the attachment order involves the determination of the property interests in 7 Turnberry Lane, Saco, Maine, the first factor also arguably weighs in favor of abstention.

[3] The interests underlying the other abstention doctrines, including *Younger* and *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941), highlight the relevance of these considerations even if the abstention doctrines do not technically apply in this case.  *See Rio Grande Cmty. Health*, 397 F.3d at 68 ("These varieties [of abstention] are not 'rigid pigeonholes into which federal courts must try to fit cases'") (quoting *Pennzoil*, 481 U.S. at 11 n.9).  For example, in *Carey v. Sugar*, 425 U.S. 73, 78–79 (1976) the Supreme Court concluded that *Pullman* abstention was warranted in a suit challenging state court prejudgment attachment procedures because "injunctive relief against the state officials . . . appears particularly inappropriate in light of the fact that these officials contended" that state law "does provide an opportunity for a preliminary hearing."

In sum, sound abstention principles warrant the Court declining to exercise any jurisdiction the Court might have over Plaintiff's claim.[4]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2020.

---

[4] If "for some unexpected reason the state forum does turn out to be inadequate in some respect" the federal court remains open if subsequent developments demonstrate "the inadequacy of the state forum." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).