UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RUDY LOZANO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:20-CV-00281-LEW |
| | ) |
| SUPERIOR COURT OF MAINE, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER AFFIRMING RECOMMENDED DECISION**
**OF THE MAGISTRATE JUDGE**

In a Recommended Decision Following Review of Plaintiff's Complaint, which review transpired under the auspices of the in forma pauperis statute, the United States Magistrate Judge concluded that the Court should abstain from exercising jurisdiction over Plaintiff Rudy Lozano's civil action, given that Mr. Lozano is challenging proceedings that are currently pending in the Superior Court of Maine and the challenge he raises is one related to the Superior Court's award of the prejudgment attachment remedy against real estate, which remedy the Superior Court presumptively would grant only on the basis of constitutionally adequate process.  Given Mr. Lozano's failure to allege an obvious violation of constitutional law, i.e., a stay of excessive duration, the Magistrate Judge recommended dismissal of the complaint without prejudice based on abstention principles.

Mr. Lozano filed a timely objection.  He contends the Superior Court has repeatedly denied his right to "a hearing" to lift the attachment, which attachment the Superior Court initially awarded on ex parte proceedings.  He asks this Court to find, if plausible, that the

Superior Court of Maine has violated his rights under the Due Process Clause and the Equal Protection Clause of the United States Constitution because the state proceeding is presently stayed (presumably due to the COVID-19 virus, though the reason is not indicated in Plaintiff's complaint) while the attachment order remains in place, and he has not received "a hearing" in almost a year.

I have considered the Recommended Decision and Mr. Lozano's Objection carefully. What stands out most tellingly to me is that Mr. Lozano has not provided any facts in support of his conclusory allegations concerning constitutional violations. For instance, there is no way I can assess on the existing pleadings what the state court proceedings are about, what evidence the plaintiff in that proceeding presented to the state court in support of the attachment award, what evidence Mr. Lozano provided the state court through affidavit that would warrant lifting the attachment, and what evidence the plaintiff in state court may have introduced in response to Mr. Lozano's request for dissolution of the attachment. *See* Me. R. Civ. P. 4A(h) ("At such hearing the plaintiff shall have the burden of justifying any finding in the ex parte order that the moving party has challenged by affidavit.").

The significance of these omissions is that it is not apparent from the complaint that Mr. Lozano has not been "heard" in the Superior Court, even if he has not received an in-person hearing. Although Mr. Lozano is correct that the Constitution affords him the right to be heard, it does not dictate in-person proceedings in all matters. *Germano v. Winnebago Cty., Ill.*, 403 F.3d 926, 928 (7th Cir. 2005) ("[D]ue process generally requires that the government provide an 'opportunity to present reasons, either in person or in writing, why

2

proposed action should not be taken.'" (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Moreover, delay by itself does not state a constitutional claim. *Loudermill*, 470 U.S. at 547 ("The chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a constitutional deprivation.").

In short, Plaintiff has filed suit to collaterally attack pending state court proceedings without alleging the sort of extraordinary *facts* that would warrant interference with the state court's rulings. As the Magistrate Judge explained, the United States District Court does not ordinarily run interference against state court proceedings. Assuming, arguendo, that Plaintiff's minimal notice pleading of a constitutional violation implicates this Court's jurisdiction at all, it does not allege facts that would warrant a competing federal proceeding to review the merits of the state court's prejudgment attachment of real estate. The Recommended Decision of the Magistrate Judge is hereby AFFIRMED and ADOPTED. Plaintiff's complaint is DISMISSED.

**SO ORDERED.**

Dated this 29th day of September, 2020.

    /s/ Lance E. Walker
    UNITED STATES DISTRICT JUDGE